1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7   CHARLES JOHNSON,

8                    Plaintiff,                    NO:  12-CV-0497-TOR

9        v.                                        ORDER DENYING MOTION FOR
                                                   RECONSIDERATION
10  WIRED OR WIRELESS, INC,

11                   Defendant.

12        BEFORE THE COURT is Defendant's Motion for Reconsideration (ECF

13  No. 2).  This matter was heard without oral argument on September 5, 2012.  Paul

14  J. Burns represents the Plaintiff.  Michael D. Franklin represents the Defendant.

15  The Court has reviewed the motion, the response, and the record and files herein, is

16  fully informed and pursuant to Local Rule 7.1(h)(3)(b)(iv), has determined that this

17  motion is suitable for decision without oral argument.

18                          BACKGROUND

19        Plaintiff began this wrongful termination action in Spokane County Superior

20  Court.  Following the completion of discovery, Defendant moved for summary

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

judgment on the ground that Plaintiff's exclusive remedy was a claim for

retaliatory discharge under the federal Fair Labor Standards Act ("FLSA").

Plaintiff acquiesced to summary judgment on his existing state law claim, but

moved to amend the complaint to include an FLSA claim.  The state court granted

both motions, and Plaintiff subsequently amended his complaint.  Defendant

removed the case to this Court shortly thereafter, and now moves for

"reconsideration" of the state court's decision to allow Plaintiff to amend his

complaint.

## FACTS

Plaintiff originally filed this case in Spokane County Superior Court on May

17, 2011.  On October 7, 2011, the state court entered a Civil Case Scheduling

Order.  This order established a deadline of November 14, 2011, to amend claims

or defenses, a deadline of June 14, 2012, to complete discovery, and a trial date of

July 16, 2012.  ECF No. 1 at 28.  For reasons not immediately apparent from the

record, the trial setting was subsequently rescheduled for August 27, 2012.  ECF

No. 1 at 46.

On June 27, 2012, following the completion of discovery, Defendant moved

for summary judgment on Plaintiff's sole claim for wrongful termination in

violation of public policy.  In essence, the basis for Defendant's motion was that

Plaintiff could not assert a common law claim for wrongful termination in

violation of public policy given that the public policy at issue was adequately

protected by the federal Fair Labor Standards Act ("FLSA").  *See* ECF No. 1-1 at 8

("In sum, because the FLSA (expressly) provides adequate means to protect the

public interest against retaliation for filing a complaint or instituting an action for

overtime violations, Plaintiff's claim for wrongful discharge in violation of public

policy is precluded." (citing *Cudney v. ALSCO, Inc.*, 259 P.3d 244 (Wash. 2011)).

Plaintiff did not oppose summary judgment on his wrongful discharge in

violation of public policy claim.  Rather, following Defendant's lead, Plaintiff

sought to amend his complaint to include an FLSA claim for retaliatory discharge

in violation of 29 U.S.C. § 215(a)(3).  In support of this motion, Plaintiff argued

that an FLSA claim would be a "mirror image" of his common law wrongful

termination claim, involving the same evidence, same burden of proof and same

remedies.  ECF No. 1-1 at 28.  Spokane County Superior Court Judge Linda G.

Tompkins granted both motions on July 27, 2012, and Plaintiff filed an amended

complaint alleging a violation of the FLSA on July 30, 2012.  Defendant removed

the case to this Court on August 3, 2012, and moved for reconsideration of Judge

Tompkins's order granting Plaintiff leave to amend the complaint three days later.

//

//

//

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

DISCUSSION

This case presents an unusual procedural posture.  Defendant has removed the case to federal court and now seeks to reverse the very ruling that made removal possible in the first place.  Thus, while styled as a motion to reconsider, the instant motion is more akin to an interlocutory appeal; if the Court were to grant the requested relief, it would be required to immediately remand the case to the Spokane County Superior Court for lack of subject-matter jurisdiction.

This case is also unusual for a different reason: Defendant has asked this Court to reverse a state court's application of its own rules of civil procedure.  This request places the Court in an awkward position.  First, the Court must determine whether it is authorized to entertain such a challenge.  Second, assuming that such a challenge is proper, the Court must determine what standard of review applies.  Third, the Court must sit in judgment of a state court colleague's decision to allow this case to proceed on its merits.  For the reasons discussed below, the Court will deny Defendant's motion.

**A. Scope of the Court's Authority Under 28 U.S.C. § 1450**

Title 28 United States Code Section 1450 provides that, upon removal of a case from state court to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  This

statute was designed "to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 435 (1974). As the Supreme Court noted in *Granny Goose Foods*, the statute serves to promote judicial economy "by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Id.* at 435-36 (footnote omitted). At bottom, § 1450 allows a federal court to "take[] the case up where the State court left it off" after removal. *Id.* at 436 (quotation and citation omitted).

Although its chief purpose is to promote judicial economy, § 1450 also vests federal courts with authority to modify or vacate orders issued by a state court following removal. Several courts have held that this authority extends to entertaining motions for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure. In essence, this line of cases recognizes that orders issued by a state court are "federalized" upon removal, thereby enabling the district court "to treat the order[s] as it would any such interlocutory order[s] it might itself have entered." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). "Accordingly, where . . . [a] state court's ruling is purely interlocutory, it

remains subject to reconsideration just as it had been prior to removal." *Id.* at 1303.

Here, Defendant has moved for reconsideration of an order issued by Spokane Superior Court Judge Linda G. Tompkins which allowed Plaintiff to amend his complaint to include an FLSA retaliatory discharge claim.  Defendant contends that Judge Tompkins "committed obvious error" in permitting the amendment because Plaintiff failed to demonstrate good cause for seeking the amendment after the deadline set forth in the state court's case scheduling order. ECF No. 6 at 3.  Given that the deadline to amend pleadings had already passed, Defendant argues, Plaintiff was required to demonstrate not only that leave to amend was proper under Washington Superior Court Civil Rule 15(a)'s "freely given when justice so requires" standard, but also that good cause existed to amend the scheduling order pursuant to Spokane County Superior Court Local Rule 15.[1]

---

[1] Spokane County Superior Court Local Rule 15 provides: "No additional parties may be joined, no additional claims or defenses may be raised after the date designated in the Case Schedule Order as the Last Date for Joinder of Additional Parties, Amendment of Claims or Defenses, unless, for good cause, the court orders otherwise subject to such conditions as justice requires."

1    Although federal courts are vested with authority to reconsider orders issued

2    by a state court following removal, this authority does not necessarily extend to

3    "reconsidering" procedural rulings which trigger federal question jurisdiction in

4    the first instance.  Indeed, entertaining a motion for reconsideration in this

5    circumstance would seem to undermine § 1450's purposes of promoting judicial

6    economy and accommodating a permanent shift in jurisdiction over the case.  *See*

7    *Granny Goose Foods*, 415 U.S. at 436; *Nissho-Iwai Am. Corp.*, 845 F.2d at 1303-

8    04.  To the extent that a party wishes to seek reconsideration of a ruling that

9    triggers federal question jurisdiction—particularly a procedural ruling committed

10    to the state court's sound discretion—it could – and maybe should do so in state

11    court prior to removal.

12    **B. Judge Tompkins Did not Err in Allowing an Amendment**

13    Defendant has asked this Court to rule that Judge Tompkins "committed

14    obvious error" in allowing Plaintiff to amend his complaint.  ECF No. 6 at 3.  As

15    noted above, this request requires the Court to make a series of difficult

16    determinations.  First, the Court must determine whether it may properly review a

17    *state* court's ruling on a matter of *state* civil procedure.  Second, assuming that

18    such review is proper, the Court must determine whether to afford any deference to

19    the state court's ruling on a matter committed to the state court's sound discretion.

20

ORDER DENYING MOTION FOR RECONSIDERATION ~ 7

Finally, the Court must pass judgment on the state court's decision to allow Plaintiff to amend the complaint.

To expedite matters, the Court will assume *arguendo* that (1) it may properly review a state court's decision on a matter of state civil procedure; and (2) it may review such a decision under a de novo standard of review.[2]  Having made these dubious assumptions, the only remaining question is whether Judge Tompkins erred in allowing Plaintiff to amend the complaint to include an FLSA claim after the discovery cutoff and deadline for amending pleadings had passed.  For the following three reasons, the Court finds that she did not.

First, the Court notes that Defendant's motion for summary judgment sought dismissal of Plaintiff's common law wrongful termination claim on an issue of law rather than an issue of fact.  Presumably, Defendant could have sought the very same relief months earlier by filing a motion to dismiss for failure to state a claim

_____

[2] These assumptions are suspect at best.  The Court's independent research has not revealed any authority for the proposition that a federal trial court has jurisdiction to review (and potentially reverse) a state court decision applying a state rule of civil procedure.  Similarly, the Court has found no authority which would enable it to review a decision to grant leave to amend a complaint—which is generally reviewed for abuse of discretion—under a de novo standard.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 8

1    under Rule 12(b)(6). While the Court does not fault Defendant for waiting to raise

2    this issue on summary judgment, it cannot ignore the fact that this decision forced

3    Judge Tompkins to make an all-or-nothing decision between dismissing the lawsuit

4    on a mere technicality and allowing Plaintiff to amend his complaint to include a

5    very closely related claim at the eleventh hour. Under these circumstances, Judge

6    Tompkins's decision that justice would be served by allowing Plaintiff to amend

7    the complaint was eminently reasonable.

8         Second, and in a related vein, Defendant's arguments concerning Plaintiff's

9    lack of diligence cut both ways. Given that Defendant was arguably less than

10   diligent in seeking dismissal of Plaintiff's original complaint for failure to state a

11   claim, it can hardly be heard to argue that Plaintiff was less than diligent in

12   attempting to amend the complaint within the established deadline. Accordingly,

13   the Court finds that Defendant's persistent focus on Plaintiff's alleged inability to

14   demonstrate "good cause" for amending the scheduling order is unavailing.

15        Third, the Court notes that any prejudice to Defendant caused by Judge

16   Tompkins's decision to allow an amendment can be mitigated by the fact that this

17   court will enter a new scheduling order with new deadlines and a new trial setting

18   in the coming weeks. Thus, Defendant's motion for reconsideration will be

19   denied.

20   //

ORDER DENYING MOTION FOR RECONSIDERATION ~ 9

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration (ECF No. 2) is **DENIED**.

2. The hearing presently set for **September 6, 2012, at 1:30 p.m.** is

    **STRICKEN**.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel.

**DATED** this 5th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 10